United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

LLOYD F. BENSON III,

Case No.: C12-0760 JSC

12
13

Plaintiff,

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS SECOND
AMENDED COMPLAINT (Dkt. No. 35)**

14

v.

15

CITIBANK, N.A., et al.,

16

Defendants.

17
18
19
20
21
22
23

Plaintiff Lloyd F. Benson sues Defendants Citibank, N.A. ("Citibank") and Bank of
America, N.A. ("BOA") challenging BOA's repudiation of an oral agreement to avoid
foreclosure of his home.  Now pending before the Court is Defendants' Motion to Dismiss
Plaintiff's Second Amended Complaint. (Dkt. No. 35.)  After reviewing the papers submitted
by both parties, and having had the benefit of oral argument on April 18, 2013, the Court
GRANTS Defendants' Motion to Dismiss with leave to amend.

### FACTUAL ALLEGATIONS

24
25
26
27
28

The factual and procedural history of this case is set forth in detail in the Court's
December 6, 2012 Order dismissing the First Amended Complaint (Dkt. No. 31).

On November 22, 2006, Plaintiff Lloyd Benson applied to re-finance his mortgage loan
with Quality Home Loans. (FAC ¶ 9.) The loan was memorialized by a promissory note and
secured by a deed of trust recorded against 5355 Willow Lake Court, Discovery Bay, CA.

United States District Court
Northern District of California

1  ("Property"). (*Id*. ¶¶ 1, 9.) Bank of America ("BOA") is the current servicer of the loan. (*Id.* ¶
2  10.) Citibank is the current beneficiary of the loan. (FAC ¶ 2.)

3       After becoming concerned that he was falling behind on his mortgage payments in
4  June 2011, Plaintiff contacted BOA. (*Id.* ¶ 11.) A BOA representative informed Plaintiff that
5  BOA "would forego foreclosure proceedings and would work with Plaintiff to bring his loan
6  current if Plaintiff agreed to pay BOA $20,000 immediately and further agree to allow BOA
7  to automatically debit his checking account in the amount of $3,176.58 [double the standard
8  monthly payment] for six months." (*Id*.) The representative indicated that after the six month
9  period, BOA would "provide for another six month period during which Plaintiff's monthly
10 payments would be increased." (*Id.*) Based upon BOA's representations, Plaintiff immediately
11 remitted $20,000 to BOA and provided BOA with his checking account information so that
12 BOA could automatically debit the monthly payments of $3,176.58. (*Id.* ¶ 13.) BOA
13 automatically debited $3,176.58 in June, July, August and September 2011. (*Id.* ¶¶ 13-14.)

14      BOA did not automatically debit $3,176.58 from Plaintiff's checking account in
15 October 2011. (*Id.* ¶ 16.) Plaintiff contacted BOA, and a representative informed Plaintiff that
16 BOA was rescinding its prior offer unless Plaintiff could "bring the [] Loan current by paying
17 all of the arrearages immediately." (*Id*.) Plaintiff alleges that had he known that BOA had no
18 intention of allowing Plaintiff to continue paying the arrearages over time, he would not have
19 remitted the initial $20,000.00 and four payments of $3,176.58 and would have contemplated
20 his alternatives such as allowing the property to go to foreclosure, short sale, or deed-in-lieu.
21 (*Id.* ¶ 18.)

22      Citibank instructed Recontrust Company, N.A. to record a notice of default against the
23 Property on October 13, 2011. (*Id.* ¶ 19.) Defendants instructed Recontrust to record a Notice
24 of Trustee's Sale against the Property on January 23, 2012. (*Id.* ¶ 20.) The sale was postponed
25 and then set for November 15, 2012. (*Id.*)

26                  **PROCEDURAL HISTORY**

27      Plaintiff filed this action in state court on January 18, 2012; shortly thereafter,
28 Defendants removed the action to this Court based on diversity jurisdiction. Defendants

1   subsequently filed a Motion to Dismiss.  While the motion to dismiss was pending, Plaintiff

2   filed the First Amended Complaint alleging breach of contract, breach of covenant of good

3   faith and fair dealing, and violations of California Business and Professional Code § 17200 *et*

4   *seq*.  Defendants again moved to dismiss or alternatively, to strike the amended complaint.

5        The Court granted Defendants' motion to dismiss with leave to amend.  The Court held

6   that Plaintiff's oral breach of contract claim had to be dismissed under the statute of frauds,

7   but granted Plaintiff leave to amend to assert a claim for either equitable or promissory

8   estoppel.  The Court also dismissed the breach of the implied covenant of good faith and fair

9   dealing claim because it was premised on the breach of contract claim.  Because Plaintiff's

10  Section 17200 claim was not pled with sufficient specificity to determine what unlawful or

11  unfair act the claim was premised upon, that claim was dismissed as well with leave to amend.

12  Finally, the Court rejected Defendants' argument that the tender rule foreclosed Plaintiff's

13  claim based on recognized exceptions to the tender rule where, as here, the property has not

14  yet been sold and where Plaintiff has expressed a willingness and ability to become current on

15  his mortgage payments.

16       On January 18, 2013, Plaintiff, proceeding pro se, filed his Second Amended

17  Complaint ("SAC") (Dkt. No. 32).  Defendants again moved to dismiss.  Plaintiff through

18  newly retained counsel filed an opposition to the motion to dismiss.

19                              **LEGAL STANDARD**

20       Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for

21  failure to state a claim upon which relief may be granted based on either the lack of a

22  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

23  theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). For purposes of

24  evaluating a motion to dismiss, the court "must presume all factual allegations of the

25  Complaint to be true and draw all reasonable inferences in favor of the nonmoving party."

26  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, "[t]hreadbare

27  recitals of the elements of a cause of action, supported by mere conclusory statements, do not

28  suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must plead "enough facts

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

2    544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that

3    allows the court to draw the reasonable inference that the defendant is liable for the

4    misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a

5    'probability requirement,' but it asks for more than a sheer possibility that a defendant has

6    acted unlawfully." *Id.* Courts may dismiss a case without leave to amend only if the plaintiff is

7    unable to cure the defect by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

8          Because the Court here is sitting in diversity it applies California substantive law.

9    *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 427 (1996) ("[F]ederal courts sitting

10   in diversity jurisdiction apply state substantive law and federal procedural law.").

**DISCUSSION**

12         Defendants move to dismiss the SAC on numerous grounds. The Court addresses each

13   in turn.

14         **1.  Breach of Contract**

15         The Court previously held that Plaintiff's claim that Defendants breached an oral

16   contract by failing to continue accepting Plaintiff's increased payments and by initiating

17   foreclosure proceedings is barred by the statute of frauds. *See* California Civil Code §

18   1624(a)(7); *Secrest v. Sec. Nat. Mortg. Loan Trust* 2002-2, 167 Cal. App. 4th 544, 553 (2008)

19   ("An agreement to modify a contract that is subject to the statute of frauds is also subject to

20   the statute of frauds"). The Court nonetheless granted Plaintiff leave to amend his breach of

21   contract claim to state a claim for either promissory estoppel or equitable estoppel in light of

22   Plaintiff's argument that he detrimentally relied on Defendants' oral promise not to institute

23   foreclosure proceedings if he made the increased payments.  The Court advised Plaintiff that

24   to state a claim for promissory estoppel he needed to allege: (1) a clear promise, (2) reliance,

25   (3) substantial detriment, and (4) damages measured by the extent of the obligation assumed

26   and not performed.  *See Poway Royal Mobilehome Owners Ass'n v. City of Poway*, 149 Cal.

27   App. 4th 1460, 1471 (2007) (internal citations and quotations omitted). The Court noted that

28   in the alternative Plaintiff might be able to rely on the doctrine of equitable estoppel to the

4

1    extent he alleged an "unconscionable injury that would result from denying enforcement of

2    the contract after one party has been induced by the other seriously to change his position in

3    reliance on the contract." *Monarco v. Lo Greco*, 35 Cal.2d 621, 623 (1950).

4        Although the SAC does not include a separate claim for promissory estoppel, Plaintiff

5    includes a discussion of promissory estoppel within his breach of contract claim.  Plaintiff

6    alleges that he relied on BOA's clear and unambiguous promise that if he remitted the

7    increased payments they would not institute foreclosure proceedings.   He alleges further that

8    he was injured when BOA rescinded the promise because

9        had he known that BOA had no intention of allowing Plaintiff to continue
         paying the arrearages over time, Plaintiff would never have remitted the initial
10       $20,000.00 and four payments of $3,176.58 (totally $32,706.32).  Instead
         Plaintiff would have contemplated his alternatives such as allowing the property
11       to go to foreclosure, short sale, or deed-in-lieu.  Because the mortgage was a
         nonrecourse loan, the Bank could not have held Plaintiff personally liable had
12       he opted instead to walk away.
13

14   (Dkt. No. 32, ¶ 34.)  With the exception of the final sentence, all of these allegations were

15   contained in the First Amended Complaint.

16       These allegations are insufficient to allege estoppel.  A claim for promissory estoppel is

17   not viable where the action taken in reliance on the promise to hold off on a foreclosure was

18   nothing more than the borrower's agreement to resume making payments on the promissory

19   note. *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 275 (2011).  However,

20   "allegations that the plaintiff undertook new obligations or forewent other options can

21   establish reliance for purposes of a promissory estoppel claim." *Meadows v. First Am. Tr.*

22   *Servicing Solutions, LLC*, No. 11-CV-5754, 2012 WL 3945491, at *4 (N.D. Cal. Sept. 10,

23   2012).  The only new allegation in the SAC regarding reliance is that Plaintiff had a

24   nonrecourse loan and could have walked away from the house.  In his opposition to the

25   motion to dismiss, Plaintiff contends further that in addition to paying Defendants the

26   $32,706.32 he has "suffered from negative credit reporting for the Notice of Default (NOD)

27   and the Notice of Trustee Sale (NOT)" and that if he had chosen to walk away instead he

28   could not have been held personally liable.  (Dkt. Nos. 32, ¶ 34 & 44, 9:2-3.)   Notably, the

United States District Court
Northern District of California

5

negative credit allegation is not in the SAC and is therefore not part of Plaintiff's reliance claim before the Court.

Thus, while Plaintiff does allege that he made the lump sum payment and thereafter four increased monthly payments which he would not have done absent the modification agreement, he has not alleged that those payments involved something more than amounts he was already obligated to pay.  He also has not sufficiently alleged that he undertook or forsook other actions in response BOA's promise.  In *Lawther v. Onewest Bank*, No. 10-0054, 2010 WL 4936797, at *8 (N.D. Cal. Nov. 30, 2010), for example, the court held that the plaintiff's allegations that he "did not search for a seller, make any other effort to extricate himself from his mortgage, or seek a loan from another lender in reliance on the expected modification" were sufficient to survive a motion to dismiss.  *Id.* at *8; *see also Aceves v. U.S. Bank, N.A.* 192 Cal.App.4th 218, 226 (2011) (finding that allegations that borrower decided to forego bankruptcy relief in reliance on a lender's promise to negotiate a loan modification sufficiently alleged reliance); *Garcia v. World Sav., FSB*, 183 Cal.App.4th 1031, 1041 (2010) (holding that the "borrowers' actions in procuring a high cost, high interest loan by using other property they owned as security" in response to a lender's representations that it would forestall foreclosure was sufficient to support detrimental reliance).

Unlike the allegations in the above cases, Plaintiff does not allege that he undertook additional obligations, such as taking out a loan, in reliance on Defendants' oral promise to reinstate his loan. As currently pled, his reliance claim hinges on an allegation that he forewent the option of walking away from his home with the $32,000 that he instead paid Defendants.  It is a close question as to whether this is sufficient or whether this is merely an allegation that he paid money that he already owed.  In any event, as Plaintiff's opposition to Defendants' motion suggests that there may have been additional reliance and injury which resulted from Defendants' repudiation of the loan modification, and because Plaintiff was not represented by counsel at the time he filed his SAC, the Court will grant Plaintiff leave to amend his complaint.  Defendants' Motion to Dismiss the breach of contract claim is therefore GRANTED with leave to amend.

United States District Court
Northern District of California

**2.  Breach of the Implied Covenant of Good Faith and Fair Dealing**

The Court previously dismissed Plaintiff's breach of the implied covenant of good faith and fair dealing claim because it was predicated on the breach of contract claim. *See Wong v. Am. Servicing Co., Inc.*, No. 09-01506, 2009 WL 5113516, at \*11 (E.D. Cal. Dec. 18, 2009) ("Plaintiffs' failure to allege the existence of a contract between plaintiffs and each of the defendants is fatal to [breach of implied covenant] claim.").  Because the Court again dismisses the breach of contract claim, this claim too must be dismissed.  Further, to the extent the claim is based on an argument that Defendants breached the implied covenant of good faith and fair dealing by reporting Plaintiff's payments as late to the credit bureaus (Dkt. No. 44, 15:13-15) these allegations are not in the SAC.

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's breach of the implied covenant of good faith and fair dealing claim with leave to amend.

**3. Business and Professional Code Section 17200 *et seq.***

Plaintiff's allegations with respect to his Business and Professional Code 17200 *et seq.* ("UCL") claim are identical to those in his First Amended Complaint.  *Compare* Dkt. No. 12 ¶¶ 38-47 *with* Dkt. No. 32 ¶¶ 41-50.  The Court incorporates by reference the discussion of the deficiencies of these allegations from its prior Order.  (Dkt. No. 31.)  As with the foregoing claims, Plaintiff's opposition to Defendants' motion to dismiss contains arguments regarding facts not alleged in the SAC.  *See e.g*., Dkt. No. 44, 17:4-7 (Plaintiff contends that the practice was unfair because he was the victim of dual tracking), 17:9-27 (alleging that Defendants' conduct was fraudulent in multiple respects).  Because Plaintiff was unrepresented by counsel at the time he filed the SAC and has since obtained counsel, the Court will give Plaintiff one final opportunity to amend his UCL claim to specifically identify the fraudulent, unlawful or unfair act, and if the latter, Plaintiff must plead sufficient facts to state a plausible claim under either the tethering or the balancing tests.  Accordingly, Defendants' motion to dismiss Plaintiff's UCL claim is granted with leave to amend.

7

United States District Court
Northern District of California

1

### 4. Previously Rejected Arguments

2      The Court previously rejected Defendants' argument that Plaintiff is barred from

3 bringing this action because he failed to tender the amount due on the mortgage loan.  As

4 before, Defendants' arguments fail to recognize a number of exceptions to California's tender

5 rule. *See, e.g., Robinson v. Bank of Am.*, 12-00494, 2012 WL 1932842 (N.D. Cal. May 29,

6 2012) (holding that it would be inequitable to apply the tender rule as a bar to plaintiff's

7 claims).

8      Defendants' Motion to Strike Plaintiff's requests for punitive damages and attorney's

9 fees pursuant to Federal Rule of Civil Procedure 12(f) is puzzling.  Defendant made the same

10 motion as to the FAC.  In response, the Court observed that the FAC did not contain a demand

11 for fees or punitive damages. (Dkt. No. 31 at 10.)  The SAC likewise does not contain a

12 demand for fees or punitive damages; yet, Defendants move to strike these non-existent

13 requests.  As no such demands have been made, Defendants' motion to strike is DENIED.

14 Further, even apart from the SAC's lack of any request to strike, the Ninth Circuit has held

15 that a court cannot strike a damages demand pursuant to Federal Rule of Civil Procedure

16 12(f). *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975 (9th Cir. 2010).

17

### 5. Damages

18      Defendants' argument that any damages suffered by Plaintiff must be offset by the

19 value he has received from maintaining possession of his property and living there rent free is

20 based on allegations that are not in the SAC and is therefore not properly before the Court.

21

### CONCLUSION

22      Based on the foregoing, Defendants' Motion to Dismiss Plaintiff's Second Amended

23 Complaint (Dkt. No. 35) is GRANTED.

24      Plaintiff may file a Third Amended Complaint within 20 days from the date of this

25 Order.  Plaintiff may include any claims which his counsel believes in good faith may be

26 asserted.  Plaintiff is warned that his failure to file an Amended Complaint by this deadline

27 will result in judgment in favor of Defendants.

28

1      Defendants' Request for Judicial Notice (Dkt. No. 36) is denied as unnecessary given

2   the dismissal of Plaintiff's SAC.

3      Plaintiff shall withdraw his Case Management Conference Statement (Dkt. No. 49).  In

4   future, the parties shall not reference any settlement discussions in their filings in this case.

5

6      **IT IS SO ORDERED.**

7   Dated: April 19, 2013                                    _____

8                                                            JACQUELINE SCOTT CORLEY
                                                             UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

9